UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL J. HEREDIA,

                Plaintiff,

           - against -

LAWRENCE M. SMALL, Secretary,
Smithsonian Institution,

                Defendant.

OPINION

98 Civ. 5351 (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. BACKGROUND

*Pro se* Plaintiff, Rafael Heredia ("Heredia"), filed this employment discrimination case against the Smithsonian Institution ("Smithsonian"). Heredia was employed at the Smithsonian's Office of Protection Services, New York Operations, as a Museum Protection Officer from April 1989 to June 2000.[1] Heredia worked for most of his career at the National Design Museum. In early 1997, he was denied a promotion to Firearms Training Instructor. In April 1997, he filed an EEO charge alleging that this failure to promote was discrimination based on race (Hispanic) and national origin (Puerto Rican). In July 1997, Heredia was detailed and then re-assigned to the American Indian Museum. In September 1997, he filed a second EEO charge alleging this transfer and denial of overtime pay were acts of retaliation because of his initial EEO complaint. Heredia filed two *pro se* complaints in federal court--in May 1998 (alleging discrimination) and June 1999 (alleging retaliation). On January 18, 2000, Judge Deborah Batts consolidated the two actions.

---

[1]Unless otherwise noted, all facts herein come from the parties' first joint pretrial order.

The parties submitted a joint pretrial order to Judge Batts on October 24, 2002. On November 27, 2002, Heredia filed a motion to strike a number of the Smithsonian's exhibits from the order. The Smithsonian responded on December 5, 2002, by letter to Judge Batts. On December 10, Judge Batts issued an order indicating that the parties' submissions would be considered as motions *in limine* and setting a deadline of January 31, 2003 (later extended to February 14, 2003), for each party to respond. On January 2, 2003, Heredia filed a motion to amend the joint pretrial order, listing additional expert witnesses he wanted to call, and a memorandum of law (entitled "Issues to Be Addressed Prior to Trial"). On January 16, 2003, the Smithsonian filed a notice of motion *in limine* and for partial summary judgment, with a corresponding Rule 56.1 statement (and notice to *pro se* plaintiff), memorandum of law (entitled "Addressing Issues Raised in the Joint Pre-Trial Statement") ("Def. Mem."), and affidavits. On April 3, 2003, Heredia submitted a "response to defendants motion *in limine*," but did not address the Smithsonian's Rule 56.1 statement.

The parties consented to the jurisdiction of the undersigned on September 29, 2005. This Court then orally ruled on the majority of the evidentiary issues addressed in the motions *in limine* in a court conference on November 17, 2005. The remaining aspects of the outstanding motions relate to Heredia's claims of retaliation. For the reasons that follow, the Smithsonian's motion *in limine* and for partial summary judgment pertaining to the retaliation claims is **DENIED**.

## II. DISCUSSION

A. **Admissibility of Evidence of Retaliation; Adequacy of Retaliation Claims**

The Smithsonian submitted a notice of motion that listed both a motion *in limine* and a

motion for partial summary judgment, and included a Rule 56.1 statement of facts. The accompanying memorandum of law, however, does not present any summary judgment arguments. Instead, the memorandum argues that some evidence of retaliation should be excluded and that Heredia's claims of retaliation should be dismissed for failure to make out a *prima facie* case. **Id**.

Heredia did not respond to the Rule 56.1 statement of facts, although the Smithsonian sent the requisite *pro se* notice. The Smithsonian does not argue that the Court must deem their facts admitted. In any case, Heredia did set forth facts based on personal knowledge in his various submissions, and the Court will therefore consider those facts in this context. ***See* McAllister v. New York City Police Dep't**, 49 F. Supp. 2d 688, 693 n.2 (S.D.N.Y. 1999) (finding a *pro se* plaintiff's Rule 56.1 statement "less than exemplary," but refusing to deem admitted contrary facts in defendant's Rule 56.1 statement because plaintiff had included facts based on personal knowledge in signed briefs, affidavits, and his Rule 56.1 statement).

Heredia's first EEO charge claimed discrimination based on failure to promote. His second EEO charge claimed retaliation, and described the adverse employment actions he had suffered: transfer to a different museum and denial of overtime. In the joint pretrial order and in his briefs, he has listed additional negative employment experiences described as adverse employment actions. The Smithsonian argues that all of Heredia's retaliation claims are unexhausted except for the two specifically mentioned in the second EEO charge. It also argues that most of Heredia's retaliation claims do not rise to the level of adverse employment action. In addition, the agency claims that Heredia does not have a good faith belief that the retaliation he says he experienced is connected to the protected activity of filing his EEO charge. Finally,

the Smithsonian maintains that most of Heredia's retaliation claims are not causally related to the protected activity because many of the incidents took place many months later.

### 1. Heredia's unexhausted retaliation claims are reasonably related to his first EEO charge of discrimination and his second EEO charge of retaliation

"A district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge." **Butts v. City of New York Dep't of Housing Pres. & Dev.**, 990 F.2d 1397, 1401 (2d Cir. 1993), *superseded by statute on other grounds as stated in* **Hawkins v. 1115 Legal Servs. Care**, 163 F.3d 684 (2d Cir. 1998). There are three types of "reasonably related" claims, two of which are relevant here.

First, "an allowance of loose pleading," provides that claims not raised in an EEO charge can be considered if "the conduct complained of would fall within 'the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" **Id**. at 1402 (*quoting* **Smith v. Am. President Lines Ltd.**, 571 F.2d 102, 107 n.10 (2d Cir. 1978)). Second, claims of retaliation in particular do not always require a new EEO charge because those incidents would likely be discovered by an EEOC investigation or might even take place after an EEOC investigation is complete. **Id**. at 1403 ("Due to the very nature of retaliation, the principle benefits of EEOC involvement, mediation of claims and conciliation, are much less likely to result from a second investigation. Indeed, requiring a plaintiff to file a second EEOC charge under these circumstances could have the perverse result of promoting employer retaliation in order to impose further costs on plaintiffs and delay the filing of civil actions relating to the underlying acts of discrimination.").

Some of Heredia's unexhausted retaliation claims happened before he filed his second EEO charge but were not included in that charge. The Smithsonian identifies three such claims: 1) that Heredia was denied his request to work a different shift in June 1997; 2) that his supervisor proposed a ten-day suspension in May 1997; and 3) that his supervisor proposed a fourteen-day suspension in August 1997. The agency argues that because these claims took place before Heredia filed his second EEO charge but were not included therein, the claims cannot be considered "reasonably related." **Melendez v. Int'l Serv. Sys., Inc.**, 1999 WL 187071, at *8 (S.D.N.Y. Apr. 6, 1999) (stating that retaliation claims were not reasonably related to those listed in EEO charge because the events took place before plaintiff filed the charge); **Cordero v. Heyman**, 1998 WL 730558, at *5 (S.D.N.Y. Oct. 19, 1998) (same). However, the cases cited by the Smithsonian do not apply here because Heredia filed two charges. The retaliatory incidents that occurred after the first charge, but which were not listed in the second charge, are reasonably related to the first charge and could definitely have been discovered by an EEOC investigation into either of his charges, even though Heredia failed to list them in his second charge. The purpose of the exhaustion requirement of Title VII is to put the employer on notice of the nature of the employee's claims. Heredia has met that burden. *See* **Legnani v. Alitalia Linee Aeree Italiane, S.P.A**, 274 F.3d 683, 686-87 (2d Cir. 2001) ("complaint sufficiently alleges that the negative job reports, below-average salary increases, reprimands, and ultimate termination were retaliation . . . for the discrimination charge filed with the EEOC . . . and are therefore reasonably related to that charge").

There are, however, some limits to the reasonably related rule for retaliation claims. **Malarkey v. Texaco, Inc.**, 983 F.2d 1204, 1209 (2d Cir. 1993) (declining to establish a rule that

all retaliation claims are *per se* reasonably related). In **Malarkey**, the Court distinguished between the plaintiff's promotion-related claims, which addressed the "same course of conduct as that alleged in her EEOC filing," and her "non-promotion retaliation claims," which did not, **id**., finding the former claims reasonably related, but the latter not. **Id**. Malarkey's non-promotion retaliation claims were raised on the eve of trial after a decade of litigation on the issue of failure to promote. **Id**. The employer had no notice of the claims even at the time of Malarkey's federal court filing. **Id**. at 1210. The Court dismissed the non-promotion related claims in order to enforce the essential purpose of the exhaustion requirement: notice to the employer. In contract, here, the Smithsonian has long been on notice of the nature of Heredia's retaliation claims. The **Malarkey** delay and prejudice factors are not present in this case. Heredia's unexhausted retaliation claims are reasonably related to his EEO charges because they were likely to be discovered in an EEO investigation and the Smithsonian has had notice of their nature.

2. **Heredia has established a genuine issue of material fact as to his good faith belief that the alleged retaliatory acts were connected to his protected activity**

The Smithsonian argues that Heredia has not shown the requisite good faith belief that his retaliatory acts were connected to activity protected under Title VII. A *prima facie* case of retaliation requires that a plaintiff show he was engaged in protected activity, that is, actions opposing or protesting prohibited discrimination. **Cruz v. Coach Stores, Inc.**, 202 F.3d 560, 566 (2d Cir. 2000); **Reed v. Lawrence**, 95 F.3d 1170, 1178 (2d Cir. 1996). The plaintiff need not show that the employer was actually violating Title VII when he opposed or protested, but that he had a good faith, reasonable belief that the employer was violating the law. **Manoharan**

6

**v. Columbia Univ. Coll. of Physicians & Surgeons**, 842 F.2d 590, 593 (2d Cir. 1998).

Heredia's statements in the joint pretrial statement clearly show that he believes that the acts of alleged retaliation were reprisals for his EEO filing, the classic protected activity under Title VII. After recounting the many incidents of retaliation, Heredia concluded by making some statements apparently intended to show that he was a responsible employee. He listed a number of incidents in which he reported safety and regulations violations by other employees. He also stated that rather than be rewarded for these efforts, he suffered further reprisals. In his deposition by counsel for Smithsonian, Heredia was asked a number of questions about this whistleblowing activity, and asked what repercussion he experienced. In response, Heredia mentioned some of the same retaliatory acts he had reported were acts of retaliation for his EEO filing. Def. Mem. at 22. The Smithsonian now attempts to use this inconsistency as a basis to dismiss Heredia's retaliation claim on summary judgment. However, Heredia has articulated a good faith basis for the connection between his EEO filings and the alleged retaliatory incidents. The inconsistency is more proper for impeachment at trial rather than summary judgment.

   3.   **Heredia's evidence of retaliation is admissible even though some of the incidents alone may not be sufficiently adverse**

An adverse employment action must "clearly affect[] the terms, privileges, duration, or conditions of the plaintiff's employment." **Rooney v. Witco Corp.**, 722 F. Supp. 1040, 1046 (S.D.N.Y. 1989). *See* **Richardson v. New York State Dep't of Corr. Serv**., 180 F.3d 426, 446 (2d Cir. 1999). The Smithsonian argues that some of Heredia's retaliation claims do not rise to this level, such as the fact that he was assigned to the same security booth for three years, he could not use the phone, he was not given a step increase on a timely basis, he was issued a

notice of misconduct, and his personnel folder was misplaced. Def. Mem. at 23. The Smithsonian also takes issue with one of Heredia's exhausted retaliation claims, a transfer to the American Indian Museum from the National Design Museum, arguing that to show that a lateral transfer is adverse, a plaintiff must show a "materially significant disadvantage." **Galabya v. New York City Bd. of Educ.**, 202 F.3d 636, 640-41 (2d Cir. 2000) (*quoting* **Harlston v. McDonnell Douglas Corp**., 37 F.3d 379, 382 (8th Cir. 1994)). Finally, the Smithsonian argues that some of the retaliatory acts Heredia mentions were proposed disciplinary actions that never came to fruition, and are not, therefore, adverse. Def. Mem. at 25.

Courts have held that actions like lateral transfers, negative evaluations, lack of adequate notice for work assignments, criticism, denial of shift changes, and disciplinary actions that are threatened but not implemented do not rise to the level of adverse employment actions. *See, e.g.,* **Leget v. Henderson**, 2001 WL 43615, at *5-6 (S.D.N.Y. Jan. 18, 2001); **Marshall v. New York Div. of State Police**, 18 F. Supp. 2d 194, 203 (N.D.N.Y. 1998); **Castro v. New York City Bd. of Educ. Pers.**, 1998 WL 108004, at *6-7 (S.D.N.Y. Mar. 12, 1998); **Bunis v. Runyon**, 1997 WL 639241, at *3-4 (S.D.N.Y. Oct. 16, 1997).

However, some of Heredia's claims are clearly adverse, for example, denial of overtime. Others could involve a "materially significant disadvantage," **Galabaya**, 202 F.3d at 641, if they resulted in lower pay or a career set-back, such as failure to give a timely step increase, or rejection of his request to volunteer as Acting Sergeant. Because the Court must construe a *pro se* plaintiff's pleadings liberally, the Court finds Heredia has raised genuine issues of material fact as to the adverse nature of the retaliatory acts he has alleged. While some of the incidents may not merit relief if considered alone, the Court will not bar evidence which may constitute

8

background information simply on that basis. Time-barred incidents are regularly admitted as background evidence in discrimination cases, subject to evidentiary rules. *See* **United Air Lines, Inc. v. Evans**, 431 U.S. 553, 558 (1977); **Ganguly v. New York State Dep't of Mental Hygiene**, 511 F. Supp. 420, 427 (S.D.N.Y. 1981). The same principle applies here. The various incidents of alleged retaliation Heredia has listed, whether individually adverse or not, are not unduly prejudicial and may be admitted as background.

 4. **Heredia's claims of retaliation are causally related to his protected activity**

The Smithsonian argues that the Court should preclude evidence of the majority of Heredia's retaliation claims because the incidents occurred many months after Heredia filed his EEO complaints. A plaintiff must show a causal connection between an alleged retaliatory act and his protected activity, and if temporal proximity is the only evidence of causation, the two incidents must be close in time. **Clark County School Dist. v. Breeden**, 532 U.S. 268, 273-74 (2001) (internal quotations omitted) (indicating even a three-month delay makes an adverse action too attenuated from the protected activity). When there is an extended period of time during which the employer did not take any action against the employee, courts often find the plaintiff cannot establish a causal connection because a connection becomes far less likely. *See, e.g.,* **Gelin v. Snow**, 2005 WL 2456742, *11 (S.D.N.Y. Sept. 30, 2005) (five years gap); **Little v. Nat'l Broad. Co.**, 210 F. Supp. 2d 330, 388 (S.D.N.Y. 2002) (two years gap); **Allen v. St. Cabrini Nursing Home, Inc.**, 198 F. Supp. 2d 442, 450 (S.D.N.Y. 2002) (sixteen months gap). However, where there is no such gap and a plaintiff provides other evidence of causation, the closeness requirement is not as strict. *See, e.g.,* **Women's Interart Ctr, Inc. v. New York City Economic Dev. Corp.**, 2005 WL 1241919, at *23 (S.D.N.Y. May 23, 2005) (finding **Breeden**

9

inapposite in First Amendment retaliation case because plaintiff's complaint described "a pattern of adverse actions . . . extending over the course of several years . . .").

Heredia has alleged a long history of adverse actions following his EEO filings. Some of those incidents occurred many months, even years, later. The precise timing of every incident is difficult to ascertain from Heredia's submissions, however, it appears there is no long gap between his EEO filings and the various incidents he describes. Instead, Heredia details what appears to be a continuing course of conduct. The Smithsonian asks the Court to bar evidence of retaliation falling on the latter end of that course. However, the Court will not preclude Heredia from testifying about incidents which happened following his complaints. Even if not individually actionable, they provide background for the claims asserted.

### III. CONCLUSION

For the foregoing reasons, the Smithsonian's motion *in limine* and for partial summary judgment pertaining to Heredia's retaliation claims is **DENIED**.

**SO ORDERED this 9th day of January, 2006**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

10