UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAFAEL J. HEREDIA, | |
| Plaintiff, | MEMORANDUM OPINION & ORDER |
| - against - | |
| | 98 Civ. 5351 (RLE) |
| LAWRENCE M. SMALL, Secretary, Smithsonian Institution, | |
| Defendant. | |

**RONALD L. ELLIS, United States Magistrate Judge:**

*Pro se* Plaintiff, Rafael Heredia ("Heredia"), filed two complaints in federal court, the first in May 1998 alleging discrimination, and the second in June 1999 alleging retaliation. On January 18, 2000, District Judge Deborah A. Batts consolidated the two actions. The parties consented to proceed before this Court under 28 U.S.C. § 636(c) on September 29, 2005. A number of motions were outstanding at the time. The purpose of this opinion and order is address one outstanding issue and to indicate that all the motions have now been addressed, or are moot, given this Court's recent rulings.

**A.   Motions**

The parties' motions were resolved as follows:

1. Docket Nos. 35 and 37--motions *in limine* and motion to add expert witness: granted in part and denied in part through oral rulings at November 17, 2005 and January 31, 2006 conferences

2. Docket No. 41--motion for partial summary judgment: denied in written opinion signed January 9, 2006 (Docket No. 53)

3. Docket No. 47--motion to proceed with this case forthwith: moot

### B. Cap on Damages

The parties have asked for a ruling on how Title VII's cap on compensatory and punitive damages applies to this case. Heredia has made separate claims of discrimination and retaliation and, as explained above, originally filed these claims as separate actions. Compensatory and punitive damages under Title VII are capped at $300,000. 42 U.S.C. § 1981a(b)(3)(D). Courts in this circuit have interpreted this to apply per party, not per claim. *See* **Brady v. Wal-Mart Stores, Inc.**, 2005 WL 1521407, at *3 (E.D.N.Y. June 21, 2005); **Mitchell v. Chao**, 358 F. Supp. 2d 106, 114-15 (N.D.N.Y. 2005); **Muller v. Costello**, 997 F. Supp. 299, 303 (N.D.N.Y. 1998), *aff'd judgment insofar as supported by retaliation claim*, 187 F.3d 298 (2d Cir. 1999). Heredia argues that the Court should be estopped from imposing the cap in this manner because he was not aware that consolidation could affect the amount of damages he could receive. However, the cap is a statutory requirement and cannot be avoided in this case.

The application of the damages cap in this manner is also consistent with this Court's ruling on January 9, 2006, that Heredia's unexhausted retaliation claims are reasonably related to his EEO charges and that his evidence of retaliation is admissible regardless of whether each individual incident might qualify as materially adverse. *See* **Heredia v. Small**, 2006 WL 47667 (S.D.N.Y. Jan. 9, 2006). As noted there, Heredia's case is viewed as an ongoing course of conduct beginning with his allegation that the Smithsonian discriminated against him by failing to promote him and continuing to manifest as a series of incidents which could constitute retaliation for exercising his right to file charges of discrimination. Therefore, the damages cap will limit any jury award to a *total* of $300,000 for all of Heredia's claims.

SO ORDERED this 2nd day of February, 2006
New York, New York

/s/ Ronald L. Ellis

The Honorable Ronald L. Ellis
United States Magistrate Judge